09-3652-cv
Idea Nuova, Inc. v. GM Licensing Group, Inc.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2009

(Argued: March 24, 2010                    Decided: August 9, 2010)

Docket No. 09-3652-cv

IDEA NUOVA, INC.,

*Plaintiff-Counter-Defendant-Appellant*,

v.

GM LICENSING GROUP, INC.,

*Defendant-Counter-Claimant-Appellee*.

Before:

SACK, RAGGI, and HALL, *Circuit Judges*.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*) (1) dismissing complaint to vacate or modify an arbitration award and (2) confirming award. We conclude that by agreeing to submit disputes "to AAA arbitration for resolution," the parties incorporated the American Arbitration Association Commercial Arbitration Rules into their agreement, including Rule 48(c), providing for judicial confirmation of arbitral awards.

AFFIRMED.

JOHN P. BOSTANY, New York, New York, *for Plaintiff-Counter-Defendant-Appellant*.

JAMES P. CINQUE, Cinque & Cinque, P.C., New York, New York, *for Defendant-Counter-Claimant-Appellee*.

REENA RAGGI, *Circuit Judge*:

Plaintiff Idea Nuova, Inc., appeals from a judgment entered in the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*), confirming an arbitration award and dismissing plaintiff's complaint seeking to vacate or modify that award. Specifically, Idea Nuova contends that the district court erred by (1) treating the arbitration as final and the award as suitable for judicial confirmation under the Federal Arbitration Act ("FAA"), see 9 U.S.C. § 9; and (2) confirming the award despite the parties' failure to consent to the court's jurisdiction. For the reasons explained herein, we conclude that the parties' agreement to submit their disputes to the American Arbitration Association ("AAA") for resolution incorporated the AAA's Commercial Arbitration Rules into their agreement, which provided for final awards subject to judicial confirmation. Accordingly, we affirm the challenged judgment.

## I.    **Background**

### A.    The Renewal Dispute

Idea Nuova is a New York-based company that markets novelty products. On December 16, 2002, it entered into a consulting agreement (the "Agreement") with defendant

2

GM Licensing Group, Inc. ("GM"). In return for a commission, GM agreed to negotiate licensing agreements on behalf of Idea Nuova with the owners of various intellectual property. By its terms, the Agreement was to run for one year, from January 1, 2003, through December 31, 2003, but it could be "extended by a written agreement signed by both parties." Agreement § 4 (Dec. 16, 2002). The parties executed the requisite written renewals for both 2004 and 2005, but not for 2006. Idea Nuova maintains that negotiations as to a 2006 renewal broke down without the parties reaching agreement. GM asserts that the parties orally agreed to a three-year extension of their Agreement from 2006 through 2008. Compare Second Am. Compl. ¶¶ 21-27, with Answer to Second Am. Compl. & Countercl. ("Answer") ¶ 12.

On November 27, 2006, GM invoked the Agreement's dispute resolution provision to initiate arbitration of the parties' renewal dispute. That provision states:

> In the event of a dispute arising hereunder, the parties must attempt to resolve same for a period of forty-five (45) days after which time the dispute shall be submitted to AAA arbitration for resolution. In such arbitration, the discovery rules of the California Code of Civil Procedure shall apply.

Agreement § 8.

B.      The Arbitration Awards

After hearings and briefings spanning three years, the arbitrator issued four awards. In the first interim award, the arbitrator found that the parties intended "that renewals of the Agreement would be reflected in a signed, written agreement." First Interim Arbitration Award at 7 (Dec. 20, 2007). Nevertheless, the arbitrator concluded that, under California

3

law, an oral agreement to renew was enforceable, even without subsequent reduction of that agreement to writing, where both parties intended their oral agreement to be binding. See id. at 8-9.[1] Applying these principles to the evidence, the arbitrator found that the parties had in fact reached a binding oral agreement to renew the Agreement for the three-year period from January 1, 2006, through December 31, 2008. See id. at 9, 11.[2]

Thereafter, the arbitrator identified the particular licensing agreements for which GM was entitled to commissions, see Second Interim Arbitration Award (Aug. 18, 2008); awarded GM compensatory damages and injunctive relief, see Third Interim Arbitration Award (Nov. 24, 2008); and assessed Idea Nuova fees, costs, and interest, see Final Arbitration Award (Jan. 21, 2009).

C.    District Court Proceedings

In the midst of these proceedings, on October 8, 2008, Idea Nuova filed a complaint in the Southern District of New York seeking to vacate the initial two arbitration awards in favor of GM and requesting a declaratory judgment that the parties had not renewed the Agreement past December 31, 2005. The complaint was thereafter twice amended, on November 26, 2008, and January 29, 2009, to add requests to vacate the final two arbitration

---

[1] In the district court, Idea Nuova argued that the Arbitrator's reliance on California law evidenced manifest disregard for the law of New York, which clearly controlled the parties' renewal dispute. On appeal, Idea Nuova does not challenge the district court's rejection of this argument. Thus, we have no reason to discuss that point in this opinion. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998).

[2] Although the First Interim Award indicates that the renewal extended to December 1 rather than December 31, this apparent typographical error was corrected in the Second Interim Arbitration Award (Aug. 18, 2008).

awards.

In answering the second amended complaint, GM filed a counterclaim and also a motion to confirm the arbitral awards. Idea Nuova promptly cross-moved for summary judgment, arguing that the arbitrator had exceeded his authority in three ways: by manifestly disregarding governing law, by reviewing claims that were ineligible for arbitration, and by awarding excessive attorney's fees. The district court rejected these arguments in a thorough unpublished opinion, see Idea Nuova, Inc. v. GM Licensing Group, Inc., No. 08 Civ. 8595 (PKC), 2009 WL 2568332, at *4-6 (S.D.N.Y. Aug. 19, 2009), and Idea Nuova does not pursue these claims further on appeal.

Instead, it appeals the district court's rejection of the argument Idea Nuova advanced "as an alternative to vacatur or modification" of the arbitral awards, specifically, that "the absence of language in the Agreement stating that the parties' arbitration would be 'final and binding'" permitted the district court to reject the arbitration awards "outright and review the parties' dispute de novo." Id. at *7. In concluding otherwise, the district court relied on an unpublished summary order from this court holding that contract language providing for arbitration pursuant to the AAA rules is sufficient to incorporate those rules into the agreement, notably including rules indicating consent to confirmation. See St. Lawrence Explosives Corp. v. Worthy Bros. Pipeline Corp., 111 F.3d 124, 1997 WL 187332, at *1 (2d Cir. 1997) (unpublished order).

Accordingly, the district court granted GM's motion for confirmation of the arbitration awards, denied Idea Nuova's motion for summary judgment, and dismissed its

5

second amended complaint.

## II.    Discussion

In reviewing a district court's decision to confirm an arbitral award, we review findings of fact for clear error and conclusions of law de novo.  See Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003).  In conducting such review, we are mindful that the FAA provides for judicial confirmation of arbitral awards on consent of the parties.  See 9 U.S.C. § 9 (authorizing confirmation where "parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration").  Where the parties have so agreed, an arbitral award is entitled to "strong deference," Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 138 (2d Cir. 2007), and confirmation ordinarily is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court," D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks omitted).

The thrust of Idea Nuova's appeal is the alleged lack of consent to confirmation as specified in § 9.  Idea Nuova submits that its Agreement with GM does not state the parties' intent for arbitration to be "final" or "binding";  nor does the Agreement consent to judicial confirmation of any arbitral award.  To be sure, in Aeronautical Industrial District Lodge 91 v. United Technologies Corp., 230 F.3d 569 (2d Cir. 2000), relied on by Idea Nuova, this court recognized a district court's jurisdiction to review an arbitration award where the parties' agreement did not state that the arbitration was "final and binding," id. at 575.  But in the same sentence of that opinion, the court signaled that such language was not essential;

6

there were "equivalent" ways of expressing agreement to binding arbitration and judicial confirmation of arbitral awards. Id. (stating that "district court has jurisdiction to review an arbitration award where the [underlying agreement] does not expressly provide that the arbitration is 'final and binding' or the equivalent" (emphasis added)).

Among the equivalent ways recognized by this court is a contract provision providing for arbitration to be conducted pursuant to AAA rules. See Varley v. Tarrytown Assocs., Inc., 477 F.2d 208, 210 (2d Cir. 1973) (holding that clause providing for settlement of controversies "by arbitration pursuant to the rules of the American Arbitration Association . . . is sufficient to incorporate the rules into the agreement"); accord I/S Stavborg v. Nat'l Metal Converters, Inc., 500 F.2d 424, 426 (2d Cir. 1974). Idea Nuova acknowledges this precedent, but submits that it does not apply to this case because the Agreement at issue consents to AAA arbitration without referencing AAA rules.

The argument is disingenuous. AAA arbitration is arbitration conducted according to AAA rules. See Important Notice, AAA Commercial Arbitration Rules and Mediation Procedures (indicating that "[t]hese rules and any amendment of them shall apply in the form in effect at the time the administrative filing requirements are met for a demand for arbitration or submission agreement received by the AAA"). The point is reiterated in the first subsection of the first Commercial Arbitration Rule, which further states that AAA rules will be deemed incorporated into any arbitration agreement providing for AAA arbitration of commercial disputes:

The parties shall be deemed to have made these rules a part of their arbitration

7

agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter AAA) under its Commercial Arbitration Rules <u>or for arbitration by the AAA of a domestic commercial dispute without specifying particular rules</u>. These rules and any amendment of them shall apply in the form in effect at the time the administrative filing requirements are met for a demand for arbitration or submission agreement received by the AAA. The parties, by written agreement, may vary the procedures set forth in these rules. After appointment of the arbitrator, such modifications may be made only with the consent of the arbitrator.

AAA Rule 1(a) (emphasis added). We thus conclude that when, as here, parties expressly agree to submit their commercial disputes "to AAA arbitration for resolution," Agreement ¶ 8, such language is reasonably understood, without more, to agree to arbitration pursuant to AAA rules and to the incorporation of those rules into the parties' agreement.

This conclusion permits us easily to resolve this appeal. AAA Rules 7 and 48 repeatedly reference arbitral awards as "final." <u>See</u> AAA Rule 7(c) (indicating that arbitrator may rule on objections to arbitrability "as a preliminary matter or as part of the final award"); AAA Rule 43(b) (referencing arbitrator's ability to make decisions "in addition to a final award"); AAA Rule 43(c) (providing for arbitrator to assess fees and expenses "in the final award"). Further, Rule 48(c) states that "[p]arties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." With these rules incorporated into the parties' Agreement, <u>see</u> AAA Rule 1(a), we reject Idea Nuova's argument that it never agreed to binding arbitration or to the court's jurisdiction to confirm arbitral awards. This conclusion finds support not only in our previously cited precedent, but in decisions by our sister circuits. <u>See</u> <u>Rainwater v. Nat'l Home Ins. Co.</u>, 944 F.2d 190, 194 (4th Cir. 1991) (holding "that resort to AAA arbitration will be deemed both binding and subject to entry of

8

judgment unless the parties expressly stipulate to the contrary"); see also Dow Corning Corp. v. Safety Nat'l Cas. Corp., 335 F.3d 742, 745 (8th Cir. 2003) (recognizing reference to AAA rules as adequate substitute for explicit statement that parties intend binding arbitration); McKee v. Home Buyers Warranty Corp. II, 45 F.3d 981, 983 (5th Cir. 1995) (holding that reference to AAA rules indicates "that resort to AAA arbitration will be deemed both binding and subject to entry of judgment unless the parties expressly agree otherwise").

Accordingly, we conclude that the Agreement between Idea Nuova and GM satisfies the FAA's "consent to confirmation" requirement, see 9 U.S.C. § 9, and we affirm the district court judgment confirming the final arbitral award in favor of GM.[3]

## III.    Conclusion

To summarize, we conclude that:

1.  An agreement to submit commercial disputes to "AAA arbitration for resolution" is properly construed to agree to arbitration pursuant to the AAA Commercial Arbitration Rules and to incorporate those rules into the Agreement.

2.  Pursuant to AAA Commercial Arbitration Rule 48(c), parties to AAA arbitration consent to judicial confirmation of final arbitral awards.

3.  The parties having submitted their renewal dispute for AAA arbitration, and the arbitrator having entered a final award in favor of GM, the district court properly entered a judgment confirming that award pursuant to 9 U.S.C. § 9.

AFFIRMED.

---

[3] Because we conclude that Idea Nuova and GM agreed to judicial confirmation of the arbitral award, we need not consider GM's alternative argument that Idea Nuova waived its objections to the district court's jurisdiction.