09-3643-cv
County of Nassau v. Chase

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of October, two thousand ten.

PRESENT: DENNIS JACOBS,
                    Chief Judge,
            JOSÉ A. CABRANES,
            JOHN M. WALKER, JR.,
                    Circuit Judges,

- - - - - - - - - - - - - - - - - - -X

COUNTY OF NASSAU,
        Plaintiff-Counter-Defendant-
        Appellee,

        -v.-                                    09-3643-cv

JUDITH L. CHASE, JOSEPH M. ZORC, ZORC
& CHASE,
        Defendants-Counterclaimants-
        Appellants.
- - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:     Judith L. Chase
                    Joseph M. Zorc
                    Zorc & Chase

1

1439 Foxhall Rd. N.W.
Washington, DC 20007

**FOR APPELLEE:**     Dennis J. Saffron, Appeals Bureau Chief
John Ciampoli, County Attorney
One West St.
Mineola, NY 11501

Appeal from a grant by the United States District Court for the Eastern District of New York (Platt, J.) of a motion to confirm an arbitration award.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's grant of Appellee's motion to confirm an arbitration award is **AFFIRMED** and that Appellants' petition to vacate the arbitration award is **DENIED**.

Joseph Zorc, Judith Chase, and their law firm Zorc & Chase (collectively, "Zorc and Chase") challenge the district court's grant of a motion from the County of Nassau ("Nassau") to confirm an arbitration award. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

[1]  When reviewing a district court's confirmation of an arbitration award, the Circuit Court reviews findings of fact for clear error and legal conclusions de novo. Idea Nuova, Inc. v. GM Licensing Group, Inc., No. 09-3652, 2010 WL 3079917, at *2 (2d Cir. Aug. 9, 2010). However, both courts review arbitration awards with "strong deference" to the arbitrators. Id. Relief should be appropriately rare, with only a "very narrow set of circumstances delineated by statute and case law" permitting vacatur. Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 138 (2d Cir. 2007).

[2]  When, as here, a retainer contract specifies that any appeal from an arbitration award is to be governed exclusively by New York state law, the designation must be honored by the courts unless the state law conflicts with federal law. Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ., 489 U.S. 468, 470, 477-78 (1989). This is true even when the contract involves interstate commerce and would otherwise fall within the coverage of the Federal Arbitration Act ("FAA"). Id. at 476-78; see also Fensterstock v. Educ. Fin. Partners, 611

F.3d 124, 132 (2d Cir. 2010) (noting that state law is generally applicable to arbitration appeals and that FAA only preempts when state law actually conflicts with federal law). "The FAA is not the only way into court for parties wanting review of arbitration awards: they may contemplate enforcement under state statutory or common law, for example, where judicial review of different scope is arguable." Hall Street Assocs., LLC. v. Mattel, Inc., 552 U.S. 576, 590 (2008). Because New York law accords with the policies of the FAA (in favor of binding arbitration), federal law does not preempt New York state law here. New York state law therefore governs our review of this arbitration award. Accordingly, while we agree with the District Court that the arbitral award must be confirmed, we do so pursuant to N.Y. C.P.R.L. § 7510, and not the Federal Arbitration Act, 9 U.S.C. § 9, as the District Court did.

**[3]** Zorc and Chase assert that the arbitrators engaged in "manifest disregard of the law." This is the federal, not state, standard for whether an arbitrator has so far exceeded the scope of authority that the award should be overturned. See Porzig, 497 F.3d at 139 (articulating "manifest disregard" as federal standard). Under New York state law, the appropriate standard is whether the arbitration award "violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power." N.Y.C. Transit Auth. v. Transp. Workers' Union of Am., Local 100, AFL-CIO, 6 N.Y.3d 332, 336 (2005). Zorc and Chase fail to satisfy this standard.

Under New York law, arbitrators are not bound by principles of substantive law or legal procedure: An arbitrator "may do justice as he sees it, applying his own sense of law and equity to the facts as he finds them to be and making an award reflecting the spirit rather than the letter of the agreement." Silverman v. Benmor Coats, Inc., 61 N.Y.2d 299, 308 (1984). Misapplication of law and errors of fact are insufficient to overturn an award. Motor Vehicle Accident Indemnification Corp. v. Aetna Cas. & Surety Co., 89 N.Y.2d 214, 223 (1996).

The arbitration award in this case violates no "strong public policy" of New York or federal law, and Zorc and Chase never argue that it does. Furthermore, the arbitration clause here contains no limitations on the arbitrators' power, so the arbitrators cannot have "clearly

3

exceed[ed] a specifically enumerated limitation" on their power (again, Zorc and Chase never dispute this). Lastly, neither the arbitrators' decision nor the actual award is irrational: The arbitrators adduced facts and explained how those facts support their ultimate decision. Specifically, the arbitrators found that Zorc and Chase's billing practices were suspicious, that their explanations for their bills were not credible, and that Nassau had been grossly overbilled. These findings of fact are not irrational.

**[4]** Under New York state law, a sufficient showing of partiality can justify overturning an arbitration award. N.Y. C.P.L.R. § 7511(b)(ii). Zorc and Chase make this assertion but provide no evidence of any actual partiality by any arbitrator--they never even assert that any of their arbitrators had a predisposition to favor Nassau or had any improper motive that would favor Nassau. Instead, Zorc and Chase claim that because the arbitrators made factual findings adverse to them, the arbitrators must have been harboring secret bias against them. This assertion begs the question of partiality.

The district court's grant of Nassau's motion to confirm the arbitration award is **AFFIRMED**; the petition by Zorc and Chase to vacate the arbitration award is **DENIED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4