10-226-cv
Cardell Fin. Corp. v. Suchodolski Assocs., Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9ᵗʰ day of February, two thousand eleven.

PRESENT: DENNIS JACOBS,
      <u>Chief Judge</u>,
  PETER W. HALL,
  RAYMOND J. LOHIER, Jr.,
      <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

Cardell Financial Corp. and Deltec Holdings, Inc.,
  <u>Petitioners-Appellees</u>,

  -v.-               10-226-cv

Suchodolski Associates, Inc. and Consultora Worldstar S.A.,
  <u>Respondents-Appellants</u>.

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:  Michael Evan Jaffe (David L. Kelleher, Jackson & Campbell, P.C., <u>on the brief</u>), Pillsbury Winthrop Shaw Pittman, LLC, Washington, D.C.

**FOR APPELLEES:**     John Martin O'Connor (Helen J. Williamson, <u>on the brief</u>), Anderson Kill & Olick, P.C., New York, New York.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the amended judgment of the district court be **AFFIRMED**.

Respondents-Appellants Suchodolski Associates, Inc. and Consultora Worldstar S.A. appeal from an amended judgment of the United States District Court for the Southern District of New York (Marrero, <u>J.</u>) confirming an arbitration award and injunctive relief in favor of Petitioners-Appellees Cardell Financial Corp. and Deltec Holdings, Inc. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"In reviewing a district court's decision to confirm an arbitral award, we review findings of fact for clear error and conclusions of law <u>de</u> <u>novo</u>." <u>Idea Nuova, Inc. v. GM Licensing Group, Inc.</u>, 617 F.3d 177, 180 (2d Cir. 2010). "It is well established that courts must grant an arbitration panel's decision great deference." <u>Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S</u>, 333 F.3d 383, 388 (2d Cir. 2003). Manifest disregard of the law is evidenced only in "those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent." <u>Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.</u>, 548 F.3d 85, 91-92 (2d Cir. 2008), <u>rev'd on other grounds</u>, 130 S. Ct. 1758 (2010) (internal quotation marks omitted). The doctrine is "a mechanism to enforce the parties' agreements to arbitrate rather than as judicial review of the arbitrators' decision." <u>Id.</u> at 95.

In order to find manifest disregard of the law: (1) we first "consider whether the law that was allegedly ignored was clear, and in fact explicitly applicable to the matter before the arbitrators," <u>Duferco</u>, 333 F.3d at 390; (2) we must then find that "the law was in fact improperly applied [by the Arbitrator], leading to an erroneous outcome," <u>id.</u>; and finally (3) we determine whether "the arbitrator must have known of [the applicable law's] existence, and its applicability to the problem before him," <u>id.</u> With respect to the last element, "we impute only knowledge of governing law identified by the parties to the arbitration." <u>Id.</u>; <u>see also</u> <u>Stolt-Nielsen</u>, 548 F.3d at 93 (quoting the <u>Duferco</u> three-part test in its entirety).

After having reviewed Appellants' contentions on appeal and the record of the proceedings below, we affirm for substantially the same reasons stated by the district court in its thorough opinion.

We have considered all of Appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the amended judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK