10-3070-cv
Rai v. Barclays Capital, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of November, two thousand eleven.

PRESENT:
> JOHN M. WALKER, Jr.,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

---

Guya Singh Rai,

> *Petitioner-Appellant*,

v.                                                          10-3070-cv

Barclays Capital Inc.,

> *Respondent-Appellee*.

---

> GUYA SINGH RAI, *pro se*, New York, NY.

> KEVIN B. LEBLANG (Eliza A. Kaiser, *on the brief*), Kramer Levin Naftalis & Frankel LLP, New York, NY, *for Respondent-Appellee*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the district court be AFFIRMED.

Appellant Guya Singh Rai ("Rai"), proceeding *pro se*, appeals from a June 14, 2010 order of the United States District Court for the Southern District of New York (Scheindlin, *J.*) denying Rai's petition to vacate an arbitration award (the "Award") entered against him and granting Barclays Capital Inc.'s ("Barclays") petition to confirm the Award pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq.* We assume the parties' familiarity with the underlying facts and procedural history.

"In reviewing a district court's decision to confirm an arbitral award, we review findings of fact for clear error and conclusions of law *de novo*." *Idea Nuova, Inc. v. GM Licensing Group, Inc.*, 617 F.3d 177, 180 (2d Cir. 2010). Rai principally argues that the district court erred in denying his petition to vacate the Award because the arbitrators committed misconduct when they excluded the testimony of Rai's witness, Ronald Moore ("Moore"). We have "interpreted section 10(a)(3) [of the FAA] to mean that except where fundamental fairness is violated, arbitration determinations will not be opened up to evidentiary review." *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997). With regard to Rai's claim that the arbitrators erred by not adjourning to permit Moore's testimony when it became clear that Moore would not appear as scheduled on the hearing's second day, the district court accurately concluded that Rai did not in fact request that the proceeding be adjourned to allow Moore to appear, but instead rested his case. Moreover, the arbitrators' refusal to postpone the hearing to permit Moore to testify and their refusal to receive the affidavit of Moore in place of his live testimony do not rise to the level of unfairness required to implicate section 10(a)(3). The district court correctly

noted that the decision to exclude Moore's testimony could have been based on a number of plausible grounds, including doubts about its relevance.

Rai raises several arguments for the first time on appeal, including that the lack of "supervisory control" procedures at Barclays was responsible for the trading errors for which he was blamed. Rai also argues for the first time that he informed his supervisors of the alleged discrimination prior to his termination. These new arguments are not properly before this Court. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *Weinstock v. Columbia Univ.*, 224 F.3d 33, 46 (2d Cir. 2000). Moreover, Rai has not established that the arbitral panel failed to consider these issues in a manner that rose to the level of affirmative misconduct.

We have reviewed the parties' remaining arguments and find them to be moot, waived, or without merit. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). The judgment of the district court is therefore AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
