**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Sunday Kay Murphy, individually and in a representative capacity for all others similarly situated, Appellant,

v.

Five Star Florence, LLC, Respondent.

Appellate Case No. 2017-001720

Appeal From Florence County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2020-UP-002
Submitted November 1, 2019 – Filed January 8, 2020

**AFFIRMED**

Lawrence Sidney Connor, IV, of Kelaher, Connell & Connor, P.C., of Surfside Beach, for Appellant.

John H. Tiller and Amy Foster Bower, both of Charleston, and Sarah Patrick Spruill, of Greenville, all of Haynsworth Sinkler Boyd, P.A., for Respondent.

**PER CURIAM:** Appellant Sunday Murphy (Purchaser) seeks review of the circuit court's order denying her motion to compel class arbitration under the South Carolina

Uniform Arbitration Act (SCUAA)[1] and granting the motion of Respondent Five Star Florence, LLC (Dealer) to compel individual arbitration under the Federal Arbitration Act (FAA).[2] Purchaser argues (1) the first arbitration clause in the Purchase Order for her truck requires arbitration under the SCUAA; (2) the second arbitration clause specifying that the FAA governs arbitration is ambiguous; and (3) the separate document signed by the parties, entitled, "Arbitration Agreement," is invalid because it (a) is extraneous to the four corners of the Purchase Order; (b) is unconscionable; (c) contains self-defeating language; and (d) includes a class arbitration waiver that violates the South Carolina Regulation of Manufacturers, Distributors, and Dealers Act (Dealers Act).[3] We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the circuit court erred by concluding there was no valid agreement to arbitrate under the SCUAA on the ground that the mandatory notice requirements of S.C. Code Ann. § 15-48-10 (2005) were not met: *Judy v. Judy*, 384 S.C. 634, 646, 682 S.E.2d 836, 842 (Ct. App. 2009) ("Generally, appellate courts will not set aside judgments due to insubstantial errors not affecting the result.").

2.      As to whether the arbitration clause on the back of the Purchase Order requires the parties' arbitration to be governed solely by the FAA: *Palmetto Mortuary Transp., Inc. v. Knight Sys., Inc.*, 424 S.C. 444, 460, 818 S.E.2d 724, 733 (2018) ("The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language. If the contract's language is clear and unambiguous, the language alone determines the contract's force and effect." (citation omitted) (quoting *Schulmeyer v. State Farm Fire & Cas. Co.*, 353 S.C. 491, 495, 579 S.E.2d 132, 134 (2003))); *S.C. Dep't of Nat. Res. v. Town of McClellanville*, 345 S.C. 617, 623, 550 S.E.2d 299, 302–03 (2001) ("A contract is ambiguous when the terms of the contract are reasonably susceptible of more than one interpretation. It is a question of law for the court whether the language of a contract is ambiguous." (citation omitted)); 9 U.S.C.A. § 5 ("If[,] *in the agreement*[,] provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed . . . ." (emphasis added)); *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989) (recognizing that the FAA does not prevent the enforcement of arbitration agreements "under different rules than those set forth in the Act itself"); *id.* ("[P]arties are generally free to structure their arbitration agreements as they see

---

[1] S.C. Code Ann. § 15-48-10 to -240 (2005).
[2] 9 U.S.C.A. § 1 to -307 (2018 & Supp. 2019).
[3] S.C. Code Ann. § 56-15-10 to -600 (2018 & Supp. 2019).

fit.  Just as they may limit by contract the issues [that] they will arbitrate, so too may they specify by contract the rules under which that arbitration will be conducted." (citation omitted)); *Idea Nuova, Inc. v. GM Licensing Grp., Inc.*, 617 F.3d 177, 181 (2d Cir. 2010) (holding that when a contract includes language agreeing to submit disputes to a private forum, the language is reasonably understood to agree to arbitration pursuant to that forum's rules and to incorporate those rules into the parties' contract).

3.    As to whether the parties' choice of the American Arbitration Association (AAA) to administer the arbitration implies their consent to class arbitration:  *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1416 (2019) (holding that courts "may not infer consent to participate in class arbitration absent an *affirmative* 'contractual basis for concluding that the party *agreed* to do so.'"  (first emphasis added) (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010)); *id.* at 1419 ("Courts may not infer from an ambiguous agreement that parties have consented to arbitrate on a classwide basis."); *id.* at 1416 ("Our reasoning in *Stolt-Nielsen* controls the question we face today.  Like silence, ambiguity does not provide a sufficient basis to conclude that parties to an arbitration agreement agreed to 'sacrifice[ ] the principal advantage of arbitration.'" (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 348 (2011))); *id.* (stating that the principal advantage of arbitration is its informality).

4.    As to whether the separate Arbitration Agreement is invalid because it is extraneous to the four corners of the Purchase Order:  *Palmetto Mortuary*, 424 S.C. at 460, 818 S.E.2d at 733 ("The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language. If the contract's language is clear and unambiguous, the language alone determines the contract's force and effect." (citation omitted) (quoting *Schulmeyer*, 353 S.C. at 495, 579 S.E.2d at 134)).

5.    As to whether the separate Arbitration Agreement is invalid because the terms are unconscionable:  *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review."); *York v. Dodgeland of Columbia, Inc.*, 406 S.C. 67, 85, 749 S.E.2d 139, 148 (Ct. App. 2013) ("In South Carolina, unconscionability is 'the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them.'" (quoting *Simpson v. MSA of Myrtle Beach, Inc.*, 373 S.C. 14, 24–25,

644 S.E.2d 663, 668 (2007))); *id.* ("Thus, unconscionability is 'due to *both* an absence of meaningful choice and oppressive, one-sided terms.'" (quoting *Simpson*, 373 S.C. at 25, 644 S.E.2d at 669)).

6.      As to whether the separate Arbitration Agreement is invalid because it includes a class arbitration waiver that violates the Dealers Act: *York*, 406 S.C. at 93–94, 749 S.E.2d at 152–53 (holding that (1) our supreme court's reinstatement of its opinion in *Herron v. Century BMW*, 387 S.C. 525, 535–36, 693 S.E.2d 394, 399–400 (2010), on remand from the United States Supreme Court did not signify a post-*Concepcion* position that the Dealers Act was immune to FAA preemption and (2) in light of *Concepcion*, a provision in the parties' arbitration agreement banning class arbitration could not "be invalidated based upon public policy considerations embodied within state law").

7.      As to whether the separate Arbitration Agreement is invalid because it contains self-defeating language: *Palmetto Mortuary*, 424 S.C. at 460, 818 S.E.2d at 733 ("The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language. If the contract's language is clear and unambiguous, the language alone determines the contract's force and effect." (citation omitted) (quoting *Schulmeyer*, 353 S.C. at 495, 579 S.E.2d at 134)); *York*, 406 S.C. at 93–94, 749 S.E.2d at 152–53 (holding that (1) our supreme court's reinstatement of its opinion in *Herron* on remand from the United States Supreme Court did not signify a post-*Concepcion* position that the Dealers Act was immune to FAA preemption and (2) in light of *Concepcion*, a provision in the parties' arbitration agreement banning class arbitration could not "be invalidated based upon public policy considerations embodied within state law").

**AFFIRMED.**[4]

**SHORT, THOMAS, and GEATHERS, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.