[No. B238054. Second Dist., Div. Three. Dec. 28, 2012.]

SWISSMEX-RAPID S.A. de C.V., Plaintiff and Respondent, v.
SP SYSTEMS, LLC, Defendant and Appellant.

## Counsel

Dickstein Shapiro, Lawrence Laporte and Steven P. Inman II for Defendant and Appellant.

Law Offices of Joseph Carpello and Joseph Carpello for Plaintiff and Respondent.

## Opinion

**KLEIN, P. J.**—Defendant and appellant SP Systems, LLC (SP), appeals a judgment confirming an arbitration award in favor of plaintiff and respondent Swissmex-Rapid S.A. de C.V. (Swissmex), a Mexican corporation.

SP contends the trial court erred in entering judgment on the award because title 9 United States Code section 9 (section 9), part of the Federal Arbitration Act (FAA) (9 U.S.C. § 1 et seq.), preempts state law with respect to confirmation of arbitration awards, section 9 does not permit judicial confirmation of an arbitration award without the written agreement of the parties that the award could be judicially confirmed, and here, the parties had no prior agreement regarding judicial confirmation.

We conclude section 9 is procedural, not substantive, and therefore does not apply in state court proceedings.

Further, even assuming section 9 does apply to state court proceedings so as to require the parties' prior consent to judicial confirmation of an arbitration award, the parties herein consented to judicial confirmation of any arbitration award. Specifically, their arbitration agreement provided for arbitration of disputes before the American Arbitration Association (AAA). By

providing for AAA arbitration, the parties are deemed to have made the AAA rules a part of their agreement. (AAA Commercial Arbitration Rules, rule R-1(a).)[1] The rules further provide that "[p]arties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." (Rule R-48(c).) Accordingly, SP and Swissmex consented to judicial confirmation of any arbitration award. Therefore, section 9 is not an impediment to judicial confirmation of the award.

The judgment confirming the award is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Arbitration proceedings.*

SP is a California limited liability corporation and the exclusive distributor in the United States and Canada of backpack agricultural sprayers manufactured by Swissmex, a Mexican corporation.

On March 1, 2010, SP filed a demand for arbitration pursuant to the Commercial Arbitration Rules of the AAA, seeking to arbitrate its claim against Swissmex in the sum of $1.5 million. The demand stated: "The named claimant, a party to an arbitration agreement dated March 1, 2007, which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration." Swissmex filed a counterclaim.

The parties stipulated to binding arbitration before Judge Sullivan, retired. The hearing was held at the offices of the AAA in downtown Los Angeles, between December 6 and 10, 2010. The arbitration was conducted by the International Centre for Dispute Resolution, the international division of the AAA.

On March 14, 2011, the arbitrator issued an 18-page award, finding that both SP and Swissmex were in breach of their 1999 and 2007 agreements, SP owed Swissmex $1,528,997.45, and SP was entitled to a credit from Swissmex in the sum of $104,957.64, resulting in a net award to Swissmex in the sum of $1,424,039.81.

### 2. *Superior court proceedings.*

On July 7, 2011, Swissmex filed a petition in the Los Angeles Superior Court to confirm the award and to enter judgment thereon. The petition was

---

[1] Unless otherwise specified, all further rule references are to the Commercial Arbitration Rules of the AAA.

brought pursuant to Code of Civil Procedure section 1285 et seq., within the California Arbitration Act (CAA) (Code Civ. Proc., § 1280 et seq.).[2]

SP opposed confirmation of the award on the ground the parties never consented to entry of judgment on the award. SP argued the FAA applies to Swissmex's petition to confirm the award because the arbitration at issue was a contractual arbitration between a United States company, SP, organized under California law, and a foreign company, Swissmex, organized under the laws of Mexico. SP contended Swissmex's petition to confirm the award must be denied because the FAA does not allow confirmation of an award unless the parties agreed in their arbitration agreement that a court judgment could be entered upon the award. SP argued the 1999 and 2007 arbitration agreements did not include provisions for judicial confirmation of an arbitration award.

In response, Swissmex asserted the trial court had statutory jurisdiction to enforce the arbitration agreement under Code of Civil Procedure section 1293.[3] Further, the FAA does not preempt California law unless there is a conflict and no such conflict existed here. Moreover, the parties' arbitration agreement provided for entry of judgment, so as to satisfy section 9; the agreement was for arbitration pursuant to the AAA Commercial Arbitration Rules, and rule R-48(c) thereof provides the parties are deemed to have consented to entry of judgment on an arbitration award. Therefore, the superior court was empowered to enter judgment on the award.

On September 22, 2011, the trial court heard the matter and granted Swissmex's petition to confirm the arbitrator's award. On October 21, 2011, the trial court entered judgment in conformity with the award, in the sum of $1,424,039 plus prejudgment interest. This appeal followed.[4]

## CONTENTIONS

The gravamen of SP's argument on appeal is that the parties did not agree in their arbitration agreement that the award could be judicially confirmed, and therefore the trial court erred in confirming the award.

---

[2] Code of Civil Procedure section 1285 states in pertinent part: "Any party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award."

[3] Code of Civil Procedure section 1293, within the CAA, states: "The making of an agreement in this State providing for arbitration to be had within this State shall be deemed a consent of the parties thereto to the jurisdiction of the courts of this State to enforce such agreement by the making of any orders provided for in this title and by entering of judgment on an award under the agreement."

[4] A judgment granting a petition to confirm an arbitration award is appealable. (Code Civ. Proc., § 1294, subd. (d); *Toal v. Tardif* (2009) 178 Cal.App.4th 1208, 1215, fn. 6 [101 Cal.Rptr.3d 97].)

SP contends the FAA applied to the confirmation proceedings; section 9 does not permit judicial confirmation of an arbitration award without the written agreement of the parties; the trial court should have applied section 9 in the confirmation proceedings because section 9 is substantive, not procedural; and section 9 preempts the CAA where the parties have no prior agreement regarding judicial confirmation.

## DISCUSSION

### 1. *Overview.*

The CAA, at Code of Civil Procedure section 1280 et seq., contains a detailed statutory framework for enforcement of contractual arbitration in California. After the arbitrator issued the award, Swissmex sought confirmation of the award in the superior court pursuant to Code of Civil Procedure section 1285 et seq.

■ Although Swissmex sought to confirm the award pursuant to the CAA, this matter is subject to federal law as well as state law. The FAA (9 U.S.C. § 1 et seq.) governs contractual arbitration in written contracts involving interstate or foreign commerce or maritime transactions. (9 U.S.C. §§ 1, 2.) This matter involves foreign commerce so as to implicate the FAA.

Insofar as the FAA applies, the FAA preempts conflicting state law. (*Preston v. Ferrer* (2008) 552 U.S. 346, 353 [169 L.Ed.2d 917, 128 S.Ct. 978], and cases cited therein.) The FAA's substantive provisions are applicable in state as well as federal court, while the FAA's procedural provisions apply only to proceedings in federal court. (See *Volt Info. Sciences v. Leland Stanford Jr. U.* (1989) 489 U.S. 468, 477, fn. 6 [103 L.Ed.2d 488, 109 S.Ct. 1248] (*Volt*).)

■ Unlike the CAA (Code Civ. Proc., § 1293; see fn. 3, *ante*), the FAA provides for judicial confirmation of arbitral awards only upon consent of the parties. (9 U.S.C. § 9.)[5] The threshold issue presented is whether section 9 is procedural in nature, and therefore applicable only to federal court proceedings, or

---

[5] Section 9 provides: "*If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration,* and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law

whether section 9 is substantive, so as to be applicable in a state court proceeding to confirm an arbitration award.

> 2.   *Section 9 is procedural and therefore inapplicable to state court proceedings.*

While the substantive provisions of the FAA apply in state as well as federal court proceedings, the FAA's procedural provisions apply only in federal court. (*Volt, supra,* 489 U.S. at p. 477, fn. 6.) Therefore, the pivotal issue is whether section 9 is procedural or substantive.

■   The "primary substantive provision of the [FAA] is section 2, which provides: 'A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.' (9 U.S.C. § 2.) [¶] 'Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. The effect of the section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the [FAA].' [Citation.] The rule of enforceability established by section 2 of the [FAA] preempts any contrary state law and is binding on state courts as well as federal. [Citation.]" (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 405 [58 Cal.Rptr.2d 875, 926 P.2d 1061].)

The "policy of enforceability stated in section 2 of the [FAA] is implemented in the remaining sections of the [FAA], especially sections 3 and 4, which concern attempts to resist arbitration or to litigate an issue subject to arbitration. Section 3 requires any court 'of the United States' to grant a party's request for a stay of litigation on an arbitrable issue, pending completion of the arbitration. (9 U.S.C. § 3.) Section 4 requires a 'United States district court' to entertain an application to compel arbitration. (9 U.S.C. § 4.)" (*Rosenthal, supra,* 14 Cal.4th at pp. 405–406.)

*Rosenthal* then summarized the remaining sections of the FAA, sections 5 through 16, as follows: "Section 5 of the [FAA] concerns court appointment of an arbitrator upon failure of the agreed method. Section 6 provides that '[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as

---

for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court." (Italics added.)

otherwise herein expressly provided.' (9 U.S.C. § 6.) Section 7 provides for court enforcement of arbitrators' summonses of witnesses. Section 8 concerns proceedings in admiralty cases. *Sections 9 through 13 set standards and procedures for court confirmation, correction and vacation of arbitrators' awards.* Section 14 limits retroactivity of the [FAA]. Section 15 concerns the Act of State doctrine. Section 16 provides for an appeal from specified orders made under the [FAA]. (9 U.S.C. §§ 5–16.)" (*Rosenthal, supra*, 14 Cal.4th at p. 406, fn. 3, italics added.)

■ Guided by *Rosenthal*, the appellate court in *Siegel v. Prudential Ins. Co.* (1998) 67 Cal.App.4th 1270 [79 Cal.Rptr.2d 726] (*Siegel*), held that title 9, United States Code sections 10 and 12, part of the FAA, do not apply in state court proceedings. *Siegel* stated: "The language of section 10 with its reference to courts of the United States and the 'district' where the award was made is inconsistent with it being applicable to litigation before state judges. Further, the reference in section 12 of the [FAA] to the district where service can be made is consistent with application to federal court postarbitration litigation involving the merits of the award. Moreover, the reference to service by a 'marshal' on a nonresident party of an application to set aside an award is consistent with the application to federal courts. Further, *Rosenthal* and relevant United States Supreme Court decisions make it clear *not all elements of the [FAA] apply to state court litigation involving arbitrations. The United States Supreme Court has noted that the principal purpose of the [FAA] is to ensure the enforcement of arbitration agreements.*" (*Siegel, supra*, 67 Cal.App.4th at p. 1290, italics added.) *Siegel* also observed, "Nothing in the legislative reports and debates evidences a congressional intention that postaward and state court litigation rules be preempted *so long as the basic policy upholding the enforceability of arbitration agreements remained in full force and effect.*" (*Id.* at p. 1289, italics added.)

■ In view of the above, we readily conclude section 9 is procedural in nature and does not apply to state court litigation. Even section 9's heading denotes that it is procedural, to wit: "[Section] 9. Award of arbitrators; confirmation; jurisdiction; *procedure.*" (§ 9, italics added, boldface omitted.)

Beyond the heading of section 9, the text of section 9 indicates it is procedural so as to apply only to federal court proceedings. Section 9 sets forth timing, venue, service and notice requirements for an application to confirm an award. The reference in section 9 to bringing applications "to the United States court in and for the district within which such award was made" renders the section inapplicable to state courts. Also, the reference in section 9 to service by "marshal[s]" is consistent with application of section 9 to federal court proceedings.

We conclude section 9 is a procedural statute, intended to implement the substantive provisions of the FAA in federal court proceedings; section 9 has no application to state court proceedings.

Moreover, our determination that section 9 is limited to federal court proceedings does not impinge on "the basic policy upholding the enforceability of arbitration agreements." (*Siegel, supra,* 67 Cal.App.4th at p. 1289.) By giving credence to the award which was the product of the instant arbitration proceeding, our conclusion is in harmony with the FAA's basic policy upholding the enforceability of arbitration agreements.

■ In sum, section 9 does not apply in state court proceedings. Therefore, there was no requirement that SP and Swissmex's arbitration agreement expressly provided that any arbitration award could be judicially confirmed. Because section 9 was not an impediment to judicial confirmation of the award, the trial court properly confirmed the award and entered judgment thereon.[6,7]

> 3. *Even assuming section 9 is applicable, its requirements were satisfied here; the parties agreed to submit to the rules of the AAA and under rule R-48(c) the parties are deemed to consent to judicial confirmation of an award.*
>
>    a. *With the Commercial Arbitration Rules incorporated into the parties' agreement, the parties are deemed to have consented to entry of judgment on an award.*

Assuming arguendo that section 9 does apply so as to require the parties' agreement to specify that judgment may be entered on an arbitration award,

---

[6] We note various other courts have characterized section 9 as "substantive." (See, e.g., *New York City Dist. Council of Carpenters Pension Fund v. Star Intercom & Construction Inc.* (S.D.N.Y., Oct. 27, 2011, No. 11 Civ. 03015 (RJH)) 2011 WL 5103349, p. *3 ["Federal Arbitration Act provides the substantive law for the confirmation of arbitration awards, see 9 U.S.C. § 9 . . . ." (italics omitted)]; *DCR Construction, Inc. v. Delta-T Corp.* (M.D.Fla., Dec. 30, 2009, No. 8.09-CV-741-T-27AEP) 2009 WL 5173520, p. *4 ["To the extent the award is not vacated, modified, or corrected, the FAA provides parties with a substantive right to a judgment confirming the award. 9 U.S.C. § 9."]; *Parks v. MBNA America Bank* (Mo.Ct.App. 2006) 204 S.W.3d 305, 310 ["motion to confirm an arbitration award is governed substantively by section 9 of the Federal Arbitration Act . . . and procedurally by the Missouri Uniform Arbitration Act (MUAA) . . ." (fn. omitted)].) However, those decisions are not binding on this court. As explained above, section 9, by its terms, is intended to apply only in federal court proceedings.

[7] In view of our conclusion that section 9 is procedural and therefore inapplicable to an action in the California Superior Court to confirm an arbitration award, it is unnecessary to address the alternative argument that no conflict exists between section 9 and the CAA.

that requirement was satisfied. The record establishes the parties in the instant case agreed that judgment could be entered upon an arbitration award.

The sales representative agreements between SP and Swissmex, dated 1999 and 2007, both provided: "In the Event of any dispute under or relating to the terms of this Agreement, or any breach thereof, the same shall be submitted to the American Arbitration Association in Los Angeles, California, to be decided in accordance with its rule." On March 1, 2010, SP filed a demand for arbitration pursuant to the Commercial Arbitration Rules of the AAA.

The AAA Commercial Arbitration Rules, amended and effective June 1, 2009, state: "The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association . . . ." (Rule R-1(a).) The rules further provide: *"Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."* (Rule R-48(c).) (Italics added.)

With rule R-48(c) incorporated into the parties' agreement pursuant to rule R-1(a), we reject SP's argument the parties failed to agree that judgment could be entered on an arbitration award.

*Idea Nuova, Inc. v. GM Licensing Group, Inc.* (2d Cir. 2010) 617 F.3d 177 (*Idea Nuova*), is on point. There, the issue was the alleged lack of consent to confirmation, as required by section 9. The appellant contended the district court erred in confirming an arbitration award because the terms of the arbitration agreement did not include the parties' "consent to judicial confirmation of any arbitral award." (617 F.3d at p. 180.)

*Idea Nuova* "conclude[d] that when, as here, parties expressly agree to submit their commercial disputes 'to AAA arbitration for resolution,' . . . such language is reasonably understood, without more, to agree to arbitration pursuant to AAA rules and to the incorporation of those rules into the parties' agreement." (*Idea Nuova, supra,* 617 F.3d at p. 181, citation omitted.) With the AAA rules incorporated into the parties' agreement, *Idea Nuova* rejected the appellant's argument "that it never agreed . . . to the court's jurisdiction to confirm arbitral awards." (*Ibid.*) Accordingly, *Idea Nuova* "conclude[d] that

the Agreement between [the parties] satisfies the FAA's 'consent to confirmation' requirement, see 9 U.S.C. § 9, and [it] affirm[ed] the district court judgment confirming the final arbitral award." (*Id.* at p. 182.)[8]

b. *Administration of the matter by the International Centre for Dispute Resolution (ICDR) division of the AAA did not take the matter outside the Commercial Arbitration Rules.*

In an attempt to avoid the impact of the AAA Commercial Arbitration Rules, and specifically rule R-48(c) thereof, SP contends the arbitration was conducted in accordance with the AAA International Dispute Resolution Procedures, not the Commercial Arbitration Rules.

The ICDR, located in New York, is the international division of the AAA and is charged with exclusive administration of all of the AAA's international matters. On March 10, 2010, the ICDR notified the parties that it was administering their contract dispute and that the matter would be "administered under the International Dispute Resolution Procedures . . . *unless the parties agree otherwise.*" (Italics added.) Thereafter, the matter was heard in Los Angeles, in accordance with the parties' arbitration agreement.

Although the matter was administered by the ICDR, it appears the matter was arbitrated under the AAA Commercial Arbitration Rules, not under the International Dispute Resolution Procedures. SP's demand for arbitration specifically invoked the AAA Commercial Arbitration Rules, and its demand stated: "The named claimant, a party to an arbitration agreement dated March 1, 2007, which provides for arbitration under the Commercial Arbitration Rules of the [AAA], hereby demands arbitration." Further, in the arbitration proceeding, SP made claims for punitive damages, which are barred by article 28 of the International Dispute Resolution Procedures, but not barred by the AAA Commercial Arbitration Rules. (Rule R-43 [scope of award].)

In sum, the parties agreed to arbitrate pursuant to the AAA Commercial Arbitration Rules. With the AAA Commercial Arbitration Rules incorporated into the parties' agreement, the parties are deemed to have consented to entry of judgment upon an arbitration award. Therefore, even assuming section 9 is applicable in a state court proceeding, the statute was satisfied.

---

[8] SP's reliance on the earlier case of *Varley v. Tarrytown Associates, Inc.* (2d Cir. 1973) 477 F.2d 208 (*Varley*) is misplaced. At the time *Varley* was decided, there was "nothing in the [AAA Commercial Arbitration Rules] which indicate[d] that the parties thereby consent[ed] to the entry of judgment upon an award." (*Id.* at p. 210.) At this juncture, however, rule R-48(c) provides the parties are deemed to consent to entry of judgment upon an award. Today, with said rule deemed incorporated into the parties' agreement, the parties are deemed to have agreed to entry of judgment upon an arbitration award, so as to satisfy section 9.

## DISPOSITION

The judgment is affirmed. Swissmex shall recover its costs on appeal.

Croskey, J., and Kitching, J., concurred.

On January 4, 2013, the opinion was modified to read as printed above.