748 S.E.2d 221

**Diane R. HENDERSON, f/k/a Diane M. Reed, Respondent,**

**v.**

**SUMMERVILLE FORD–MERCURY INC. and Capital One Auto Finance, Inc., Defendants,**

**of whom, Summerville Ford–Mercury Inc. is the Appellant.**

**Appellate Case No. 2012–207606.**

**No. 27313.**

Supreme Court of South Carolina.

Submitted June 4, 2013.

Decided Sept. 11, 2013.

442

Robert Lawrence Reibold, of Walker & Reibold, LLC, of Columbia, for Appellant.

C. Steven Moskos, of Charleston, and Brooks Roberts Fudenberg, of Mount Pleasant, for Respondent.

Justice BEATTY.

In a matter of first impression, the Court is asked to determine if an unsuccessful party in an arbitration proceeding may prevent the confirmation of an award by paying the award prior to the confirmation proceeding. The answer is no.

Diane Henderson ("Henderson") filed an action against Summerville Ford–Mercury, Inc. ("Dealer") alleging Dealer made misrepresentations to Henderson when she purchased a used vehicle. The circuit court granted Dealer's motion to compel arbitration, and an arbitrator found for Henderson on her claims for violation of the South Carolina Unfair Trade Practices Act ("UTPA") and the South Carolina Regulation of Manufacturers, Distributors, and Dealers Act ("Dealers Act").[1] Henderson moved to confirm the arbitration award, which was granted by the circuit court. Dealer appeals, arguing the circuit court erred (1) in rejecting Dealer's assertion that payment of the award mooted the request for confirmation, leaving no "justiciable controversy"; and alternatively (2) in applying the provision for confirming awards contained in the South Carolina Uniform Arbitration Act ("UAA"), rather than the Federal Arbitration Act ("FAA").[2] This Court certified

---

1. S.C.Code Ann. §§ 39–5–10 to –560 (1985 & Supp.2012) (UTPA); S.C.Code Ann. §§ 56–15–10 to –600 (2006 & Supp.2012) (Dealers Act).

2. S.C.Code Ann. §§ 15–48–10 to –240 (2005 & Supp.2012) (UAA); 9 U.S.C.A. §§ 1 to 16 (2009) (FAA).

the case for its review pursuant to Rule 204(b), SCACR. We affirm.

## I. FACTS

Henderson visited Dealer and stated she was looking for a first vehicle for her daughter, and she stressed the importance of finding something safe and reliable. Henderson purchased a used 2003 Jeep Grand Cherokee from Dealer. The sales contract prepared by Dealer contained an arbitration provision that required any disputes to be submitted to binding arbitration that "shall be governed by the [FAA]."

After the purchase, Henderson experienced mechanical problems with the Jeep. She brought this action in the circuit court[3] alleging Dealer had specifically advised her that the Jeep had never been wrecked and that it had been well-maintained by one owner when, in fact, Dealer knew the Jeep had previously been wrecked and that it had been a commercial rental vehicle with more than one owner. Henderson asserted claims for violations of UTPA and the Dealers Act, as well as other claims. Dealer filed a motion to stay the proceeding and to compel arbitration. The circuit court granted Dealer's motion to compel and stayed Henderson's case pending arbitration.

The arbitrator issued an award of $18,875.71 to Henderson on her UTPA claim and $16,990.00 on her claim under the Dealers Act. In addition, the arbitrator awarded Henderson attorney's fees of $45,200.00 and costs of $3,076.39. The arbitrator denied Henderson's remaining claims and directed Henderson to elect one remedy from the two claims on which she had prevailed. Dealer did not move to vacate, modify, or correct the award.

Dealer refused to agree to a consent order to confirm the award. Henderson moved for confirmation of the award by the circuit court. In the interim, Dealer paid the award. At the confirmation hearing, Henderson noted the underlying action had been stayed pending arbitration and that it needed

---

**3.** Capital One Auto Finance, Inc. was a defendant, but is not a party to this appeal.

to be concluded in some manner. She argued that section 15–48–120 of the UAA mandated confirmation.

Dealer maintained that it had paid the award "almost immediately, within weeks of the arbitrator's decision," so the matter was moot because the purpose of confirmation was to enter a judgment that could be enforced. Dealer asserted Henderson "recites the [UAA] which is irrelevant because we moved to compel arbitration under the [FAA], and that's the statute under which arbitration was ultimately granted."

The court inquired of Dealer, "[N]ow you just [ ] don't want the [judgment] reflected in the [judgment] rolls of the County?" Dealer responded that it did "agree that as a record keeping matter something has to happen with this case," but maintained that dismissal under Rule 41(a), SCRCP was appropriate. Dealer stated the only purpose for confirmation of the judgment would be to enforce collection and that putting the judgment on the record now would only serve to give it "a bad name in the public record[.]"

The circuit court confirmed the arbitration award based on Dealer's violation of UTPA. The court applied section 15–48–120 of the UAA, which provides:

> Upon application of a party, the court *shall* confirm an award, *unless* within the time limits hereinafter imposed grounds are urged for *vacating or modifying or correcting the award,* in which case the court shall proceed as provided in §§ 15–48–130 [vacating award] and 15–48–140 [modification or correction of award].

S.C.Code Ann. § 15–48–120 (2005) (emphasis added). The circuit court found "[t]he use of the word 'shall' shows that confirmation by the Court is mandatory, not discretionary." The court concluded the only time a court is not required to confirm the award is when a party establishes grounds to vacate, modify, or correct the award, and Dealer had made no such motion. The circuit court directed the clerk of court to register the award as a judgment and to mark it paid in full.

## II. STANDARD OF REVIEW

This Court may make its own ruling on a question of law without deferring to the circuit court. *Crossmann Cmties. of N.C., Inc. v. Harleysville Mut. Ins. Co.,* 395 S.C. 40,

717 S.E.2d 589 (2011); *see also Mims Amusement Co. v. S.C. Law Enforcement Div.*, 366 S.C. 141, 621 S.E.2d 344 (2005) (stating this Court may decide a novel question of law based on its own assessment of the reasoning that best comports with the law, public policy, and the Court's sense of law, justice, and right).

## III. LAW/ANALYSIS

Dealer contends the circuit court erred (1) in applying the UAA confirmation procedure, and (2) in confirming the award where the matter was "not justiciable." [4]

### A. Application of the FAA versus the UAA

It is undisputed that the arbitration proceedings, which culminated in an award to Henderson, were conducted pursuant to the FAA. The parties disagree, however, over whether the circuit court erred by applying the court's confirmation procedure set forth in the UAA instead of the FAA. For reasons discussed below, we conclude that it does not matter which act is applied as the result would be the same. The circuit court referenced section 15-48-120 of the UAA, quoted in full above, in confirming the award. The corresponding provision in the FAA is found in section 9 of the act:

**§ 9. Award of arbitrators; confirmation; jurisdiction; procedure**

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon *the court must grant such an order unless the award is vacated, modified, or corrected* as prescribed in sections 10 and 11 of this title. . . .

9 U.S.C.A. § 9 (2009) (emphasis added).

Initially, we note Dealer generally asserted at the hearing that the FAA applied rather than the UAA, but it did not

---

4. The propriety of the circuit court's order compelling arbitration and the merits of the arbitrator's ruling have not been challenged.

specifically discuss the confirmation statutes of either act. Assuming the circuit court impliedly rejected the application of the FAA based on its utilization of the UAA, we question the sufficiency of Dealer's briefed argument, as it does not address the confirmation procedure under the FAA, 9 U.S.C.A. § 9, or how it has been prejudiced by the application of the UAA instead of the FAA. *See generally Carolina Chloride, Inc. v. Richland County,* 394 S.C. 154, 714 S.E.2d 869 (2011) (holding an appellant must show both an erroneous ruling and prejudice to warrant reversal).

 As to the merits, "[g]enerally, any arbitration agreement affecting interstate commerce ... is subject to the FAA." *Landers v. Fed. Deposit Ins. Corp.,* 402 S.C. 100, 108, 739 S.E.2d 209, 213 (2013). "Unless the parties have contracted to the contrary, the FAA applies in federal or state court to any arbitration agreement regarding a transaction that in fact involves interstate commerce, regardless of whether or not the parties contemplated an interstate transaction." *Munoz v. Green Tree Fin. Corp.,* 343 S.C. 531, 538–39, 542 S.E.2d 360, 363 (2001) (footnote omitted) (citing *Allied–Bruce Terminix Cos. v. Dobson,* 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995)).

 The general rule is that the FAA does not preempt state *procedural* law relating to arbitration. 6 C.J.S. *Arbitration* § 32 (2004); *see also Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.,* 489 U.S. 468, 477 n. 6, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989) (noting while the Supreme Court had held certain substantive provisions of the FAA were applicable in state and federal courts, it had never held that sections 3 and 4, which appeared by their references to the U.S. district court to apply only to proceedings in federal court, were applicable in state courts).

The one case cited by Dealer on this issue, *Toler's Cove Homeowners Association v. Trident Construction Co.,* 355 S.C. 605, 586 S.E.2d 581 (2003), actually supports the application of the UAA here. In *Toler's Cove,* this Court observed, "There is no federal policy favoring arbitration under a certain set of *procedural rules* and the federal policy is simply to ensure the enforceability of private agreements to arbitrate." *Id.* at 611, 586 S.E.2d at 584 (emphasis added). The Court

held a South Carolina procedural rule on the appealability of arbitration orders was applicable instead of the FAA rule because it did not invalidate the arbitration agreement or undermine the goals and policies of the FAA. *Id.* at 611, 586 S.E.2d at 584. To the contrary, the arbitration agreement was being enforced by the court's order compelling arbitration, which coincided with the FAA's policy in favor of the arbitration of disputes. *Id.; see also Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.,* 559 U.S. 662, 130 S.Ct. 1758, 1773, 176 L.Ed.2d 605 (2010) ("[T]he central or 'primary' purpose of the FAA is to ensure that 'private agreements to arbitrate are enforced according to their terms.' " (citations omitted)).

In *Morgan Keegan & Co. v. Smythe,* No. W2010–01339–SC–R11–CV, 401 S.W.3d 595, 604–06 (Tenn.2013), the Supreme Court of Tennessee similarly concluded a provision in its state arbitration act, not the FAA, governed the appeal of orders confirming or vacating arbitration awards in state court. The court stated that, because this was a case involving interstate commerce heard in the Tennessee courts, both the FAA and the state UAA applied, which necessarily implicated the doctrine of preemption. *Id.* at 604–05. The court explained "[t]he [FAA] contains federal substantive law requiring the parties and the courts to honor arbitration agreements." *Id.* at 606. The court reasoned that the appeal provisions of the FAA were procedural, not substantive, and agreed with authority from other jurisdictions, including this state, which have held that state ***procedural*** provisions should not be preempted by the FAA unless they stand as an obstacle to the full purposes and objectives of Congress. *Id.*

In *Swissmex–Rapid S.A. de C.V. v. SP Systems, L.L.C.,* 212 Cal.App.4th 539, 151 Cal.Rptr.3d 229, 233 (2013), the California appellate court considered the "threshold issue . . . whether Section 9 of the FAA is procedural in nature, and therefore applicable only to federal court proceedings, or whether Section 9 is substantive, so as to be applicable in a state court proceeding to confirm an arbitration award." Citing the United States Supreme Court's decision in *Volt,* 489 U.S. at 477 n. 6, 109 S.Ct. 1248, the court stated, "While the substantive provisions of the FAA apply in state as well as federal court proceedings, the FAA's procedural provisions apply only in federal court." *Id.* The court also noted the FAA preempts

only *conflicting* state law. *Id.* The court concluded section 9 of the FAA is procedural in nature, not substantive, as it was intended to implement the substantive provisions of the FAA in federal court proceedings, and it has no application in state court proceedings. *Id.* at 234–35.

In the current appeal, although the arbitration agreement stated the FAA would apply to the arbitration, it did not expressly state the FAA would apply to the subsequent procedure for confirmation once a final award was made. However, this is not a concern because the outcome would be the same. A similar situation occurred in *White v. Siemens,* 369 S.W.3d 911 (Tex.App.2012). The Texas Court of Appeals considered an arbitration provision that stated the matter shall be governed by the FAA. *Id.* at 915. The court noted, "[h]owever, [that] the agreement did not expressly mention whether the FAA applied to confirmation of the award." *Id.* Siemens moved for confirmation of the arbitration award under the Texas General Arbitration Act (TAA), and the opposing parties asserted the FAA applied. *Id.* In resolving the dispute, the court "note[d] that the FAA and the TAA are not mutually exclusive" and observed the FAA preempts only contrary state law. *Id.* The court stated, "Even where the FAA applies to substantive issues, we apply Texas law to *procedural issues* in arbitration proceedings." *Id.* (emphasis added). The court ultimately found it need not determine whether the confirmation statute was procedural or substantive, however, because the result to confirm the award would be the same under either act since both mandated confirmation unless the statutory grounds were established for vacating, modifying, or correcting the award. *Id.* at 915–16.

 Based on the foregoing, we hold section 9 of the FAA applies only in federal court and that the circuit court did not err in applying the UAA's confirmation provision in the matter before this Court because the confirmation statute is procedural, not substantive. The FAA's substantive provisions apply to arbitration in federal or state courts, but a state's procedural rules apply in state court unless they conflict with or undermine the purpose of the FAA. Moreover, we find the outcome would be the same under either the FAA or the UAA, as both mandate confirmation unless grounds were established for vacating, modifying, or correcting the award,

and such grounds were not asserted here. *See id.; cf. Simpson v. MSA of Myrtle Beach, Inc.,* 373 S.C. 14, 22 n. 1, 644 S.E.2d 663, 667 n. 1 (2007) (noting the UAA and the FAA provisions that applied to the issues were nearly identical so the analysis under either state or federal law was ultimately the same).

In *Swissmex,* the appellate court did note one difference in the FAA, which is that 9 U.S.C.A. § 9 requires the parties' arbitration agreement to specify that they consent to the entry of judgment for any award obtained. *Swissmex,* 151 Cal. Rptr.3d at 235. However, as noted in *Swissmex,* even if the FAA's confirmation procedure applied, the parties could be deemed to have consented to entry of a judgment based on their agreement to apply the rules of the American Arbitration Association ("AAA"), as those rules are deemed incorporated into the contract and specifically provide the parties agree to entry of a judgment. *Id.* at 235–36.

## B. Confirmation of Arbitration Award

Having found the UAA applies, we consider Dealer's further contention that the circuit court erred in confirming the arbitration award because its payment mooted the request, leaving no "justiciable controversy." This is a novel question in this state.

We find Dealer's argument to be without merit. Dealer concedes Henderson's underlying case had to be concluded in some fashion, as it was stayed pending arbitration. At the hearing in this matter, Dealer asserted the case should be dismissed under Rule 41(a), SCRCP. Henderson correctly argued that Rule 41(a) applies to voluntary dismissals and was not applicable here.[5] Confirmation is appropriate because by law a court must confirm an award upon application of a party unless the defendant moves to vacate, modify, or correct the award and Dealer filed no such motion.

---

5. While a settlement would result in a dismissal, the dismissal is usually made with the consent of the parties because the matter is terminated prior to a disposition on the merits. An arbitration award is distinguishable from a settlement, as an arbitrator's award constitutes a third-party finding of fault on the claims asserted by the plaintiff.

Dealer argues the only purpose for confirmation of an award is to obtain a judgment for enforcement in cases where payment is uncertain. Dealer cites to general authority on mootness and justiciability, and references some authorities that have found a defendant's payment moots the confirmation of an arbitration award, rendering it nonjusticiable. Dealer also cites *Corpus Juris Secundum* to support its theory that the only purpose of confirmation is to secure payment. However, Dealer omits the language we emphasize from the treatise, which indicates confirmation can serve multiple purposes. *See* 6 C.J.S. *Arbitration* § 178 (2004) ("[T]he proceeding ordinarily is not initiated unless one of the parties refuses to abide by the award *or unless it be the desire of a party that an official record of the confirmation and judgment be made.*" (emphasis added)).

Confirmation is not a separate judicial process; it is merely a continuation of the arbitration procedure. *See generally* 6 C.J.S. *Arbitration* § 181 (2004) (stating a proceeding for confirmation of an arbitration award is not a trial or a separate proceeding, and generally, the only courses of action open to the court are limited to the statutory grounds for review, such as to confirm the award, correct then confirm the award, vacate the award, or to dismiss the proceeding, and dismissal "may ... be granted *only* when the court determines that the petitioner or the respondent is not bound by the arbitration award and is not a party to the arbitration" (emphasis added)).

Dealer filed no motion to vacate, modify, or correct the award, which are the prescribed statutory exceptions for avoiding confirmation of an award. We reject Dealer's assertion that payment of the award has somehow made the matter "nonjusticiable." *Confirmation* of an award is a distinguishable issue from a defendant's *payment* or satisfaction of an award.[6] Payment is more appropriately considered as a

---

6. *See, e.g., Collins v. D.R. Horton, Inc.,* 361 F.Supp.2d 1085, 1093 (D.Ariz.2005) ("Regardless of whether the undisputed amounts have already been paid, Plaintiffs are still entitled to an order confirming those amounts" because the confirmation statute is couched in mandatory terms and applies unless the award is modified, vacated, or corrected, and "satisfaction and confirmation are separate issues."); *Dist. Council No. 9 v. APC Painting, Inc.,* 272 F.Supp.2d 229, 239

defense to any attempt to execute on a judgment. Of course, a party is always free to enter into a settlement if it wishes to avoid public knowledge of the amount paid. Having mandated arbitration in its sales agreement, however, Dealer is bound to the full arbitral process, including the ministerial recording of the result.

 We find confirmation is required by the UAA's statutory procedure governing confirmation. Both the UAA and the FAA use the words "shall" or "must" in directing that an award be confirmed upon application in the absence of a motion to vacate, modify, or correct the award, and such language is mandatory. *See, e.g., Wigfall v. Tideland Utils., Inc.*, 354 S.C. 100, 111, 580 S.E.2d 100, 105 (2003) ("The term 'shall' in a statute means that the action is mandatory."); *Collins v. Doe*, 352 S.C. 462, 470, 574 S.E.2d 739, 743 (2002) ("Under the rules of statutory interpretation, use of words such as 'shall' or 'must' indicates the legislature's intent to enact a mandatory requirement.").[7]

---

(S.D.N.Y.2003) (explaining compliance and confirmation are distinct issues and stating whether an arbitral award has been satisfied "has no bearing" on the independent question of whether it should be confirmed); *Mikelson v. United Servs. Auto. Ass'n*, 122 Hawai'i 393, 227 P.3d 559, 563 (Ct.App.2010) (holding an insurer's satisfaction of an arbitration award did not render an application for confirmation moot "because (1) the plain language of the applicable statute mandates confirmation of the award unless it is modified, corrected, or vacated[,] and (2) confirmation is concerned with the propriety of the award itself and is unrelated to the enforcement of the award").

7. *See generally Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 587, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008) (stating the "provision for judicial confirmation carries no hint of flexibility" and the statement the court "must grant" the application "unless the award is vacated, modified, or corrected" is one "which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies"); *Qorvis Commc'ns, L.L.C. v. Wilson*, 549 F.3d 303 (4th Cir.2008) (finding confirmation of an award is justified unless statutory grounds challenging it are established); *State ex rel. R.W. Sidley, Inc. v. Crawford*, 100 Ohio St.3d 113, 796 N.E.2d 929 (2003) (stating once an arbitration is completed, a court has no jurisdiction except to confirm and enter judgment or to vacate, modify, correct, or enforce the judgment); *Ricciardi v. Travelers Ins. Co.*, 102 A.D.2d 871, 477 N.Y.S.2d 35 (1984) (holding an arbitrator's award had to be confirmed where the application to confirm was timely and the defendant failed to advance any statutory grounds for vacating or modifying the award, notwithstanding the fact that the defendant had already paid the amount

We find Dealer's arguments as to how the confirmation and entry of a judgment here could potentially be used by other parties asserting UTPA claims is irrelevant to the award's confirmation. Despite the detailed statutory framework governing arbitration under both the FAA and the UAA, Dealer can cite to no statutory provision in either act that legislatively prohibits confirmation based on the fact that payment has been made. In the absence of a legislative directive, this Court should not judicially impose that restriction here. A court's mandate under the plain language of both acts is that confirmation "shall" or "must" be made in the absence of grounds for warranting vacating, modifying, or correcting the award. Confirmation is a ministerial act of recording the results of the arbitration.

## IV. CONCLUSION

We conclude the recordation of an arbitration award is a ministerial act that is a basic part of the arbitration process, not a new judicial proceeding that would require a different justiciable issue. Confirmation is mandatory unless the opposing party has established statutory grounds to vacate, modify, or correct the award. The payment or satisfaction of an award is a distinguishable issue from its recordation, and payment does not moot a confirmation request. We further conclude the UAA's confirmation statute applies to this procedural matter in state court. Consequently, we affirm the circuit court's confirmation of the arbitration award.

**AFFIRMED.**

TOAL, C.J., PLEICONES, KITTREDGE and HEARN, JJ., concur.

---

awarded); *Hamm v. Millennium Income Fund, L.L.C.,* 178 S.W.3d 256 (Tex.App.2005) (stating under both the FAA and the state arbitration act, confirmation of an award is required unless a motion to vacate, modify, or correct the award has been made).