# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Marcus Kevin Grant, individually and in a representative capacity for all others similarly situated, Respondent,

v.

Jud Kuhn Chevrolet, Appellant.

Appellate Case No. 2017-001897

———

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

———

Opinion No. 5757
Submitted March 2, 2020 – Filed August 12, 2020

———

**REVERSED**

———

Harry Clayton Walker, Jr., Haynsworth Sinkler Boyd, PA, of Charleston, and Robert Lawrence Reibold, of Haynsworth Sinkler Boyd, PA, of Columbia, both for Appellant.

Lawrence Sidney Connor, IV, of Kelaher Connell & Connor, PC, of Surfside Beach, for Respondent.

———

**WILLIAMS, J.:** In this action filed pursuant to the South Carolina Regulation of Manufacturers, Distributors, and Dealers Act (the Dealers Act),[1] Jud Kuhn Chevrolet (Dealer) appeals the circuit court's order compelling class arbitration. On appeal, Dealer contends the arbitration clause is silent as to class arbitration,

---

[1] S.C. Code Ann. §§ 56-15-10 to -600 (2018 & Supp. 2019).

and thus, he argues the circuit court erred in inferring the parties' consent to class arbitration from the Dealers Act and the American Arbitration Association's (AAA's) Supplementary Rules for Class Arbitrations (the Supplementary Rules). We reverse.[2]

## FACTS/PROCEDURAL HISTORY

Purchaser bought a Chevrolet Camaro from Dealer, and the parties signed a purchase agreement, which included a closing fee of $399. The purchase agreement also contained the following arbitration clause:

> **ARBITRATION REQUIRED BY THIS AGREEMENT.** The parties agree that instead of litigation in a court, any dispute, controversy or claim arising out of or relating to the sale of the motor vehicle or to this Purchase Order, including the validity or lack thereof of this contract, to any other document or agreement between the parties relating to sale of the motor vehicle, or to any other document or agreement between the parties relating to the motor vehicle, including the parties' retail installment contract, if any, shall be settled by binding arbitration administered by the [AAA] under its Commercial Arbitration Rules. Such arbitration shall be conducted in Columbia, SC. Each party will pay its own costs, and any filing fee charged by the [AAA] shall be split evenly between the parties. Any judgment on the award rendered by the arbitrator may be entered in any court of competent jurisdiction.

Purchaser later filed a class action complaint against Dealer, alleging Dealer "negligently violated the Dealers Act" in numerous ways, including "charging a

---

[2] Neither party challenges the circuit court's finding that Marcus Kevin Grant's (Purchaser's) action is subject to arbitration; therefore, it is the law of the case. *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance."); *Berry v. McLeod*, 328 S.C. 435, 442, 492 S.E.2d 794, 798 (Ct. App. 1997) ("There is no appeal from this ruling, and thus, it becomes the law of the case."). Accordingly, the only issue before this court is whether the circuit court erred in finding the parties consented to class arbitration.

closing fee which does not represent closing costs actually incurred" by Dealer. Purchaser sought judgment against Dealer "for the amount of the closing fee for each class member, doubled pursuant to the Dealers Act, plus punitive damages up to three times the actual damages." Dealer timely answered, asserting Purchaser's claims were subject to mandatory arbitration, and subsequently moved to stay the case and compel bilateral arbitration. The circuit court held a hearing, but it declined to rule on the motion, allowing Dealer the opportunity to respond to Purchaser's motion in opposition to bilateral arbitration in which he requested the court either deny Dealer's motion to compel arbitration or, alternatively, grant the motion but permit class arbitration. Dealer filed an amended motion to compel bilateral arbitration. At the subsequent hearing, the circuit court granted Dealer's motion in part, holding it would compel arbitration; however, the court ordered the parties to submit briefs as to whether class or bilateral arbitration was proper.

Thereafter, the circuit court filed an order compelling class arbitration, finding "there is no conflict between the state's public policy of allowing class actions under the Dealers Act and the [Federal Arbitration Act's (FAA's)[3]] liberal policy favoring arbitration." The circuit court found that unlike in *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*,[4] the arbitration clause contained in the purchase agreement at issue was *not* silent as to class arbitration. Specifically, the circuit court inferred the parties' consent to class arbitration because the purchase agreement is subject to the Dealers Act, which allows for class actions in arbitration disputes, and the arbitration clause specifically referenced the AAA, which contains the Supplementary Rules. This appeal followed.

## STANDARD OF REVIEW

"Determinations of arbitrability are subject to de novo review, but if any evidence reasonably supports the circuit court's factual findings, this court will not overrule those findings." *Pearson v. Hilton Head Hosp.*, 400 S.C. 281, 286, 733 S.E.2d 597, 599 (Ct. App. 2012).

## LAW/ANALYSIS

Dealer contends the arbitration clause is silent as to class arbitration, and thus, he argues the circuit court erred in inferring the parties' consent to class arbitration from the Dealers Act and the Supplementary Rules. We agree.

---

[3] 9 U.S.C. §§ 1 to 307 (2018).
[4] 559 U.S. 662 (2010).

"The [FAA] requires courts to enforce covered arbitration agreements according to their terms." *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1412 (2019). "Unless the parties have contracted to the contrary, the FAA applies in federal or state court to any arbitration agreement regarding a transaction that in fact involves interstate commerce, regardless of whether or not the parties contemplated an interstate transaction." *Henderson v. Summerville Ford-Mercury Inc.*, 405 S.C. 440, 448, 748 S.E.2d 221, 225 (2013) (quoting *Munoz v. Green Tree Fin. Corp.*, 343 S.C. 531, 538, 542 S.E.2d 360, 363 (2001)). "While the interpretation of an arbitration agreement is generally a matter of state law, . . . , the FAA imposes certain rules of fundamental importance, including the basic precept that arbitration 'is a matter of consent, not coercion.'" *Stolt-Nielsen*, 559 U.S. at 681 (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989)).

"Whether enforcing an agreement to arbitrate or construing an arbitration clause, courts and arbitrators must 'give effect to the contractual rights and expectations of the parties.'" *Id.* at 682 (quoting *Volt Info. Scis.*, 489 U.S. at 479). "From these principles, it follows that a party *may not be compelled* under the FAA to submit to class arbitration *unless* there is a contractual basis for concluding that the party *agreed* to do so." *Id.* at 684 (first emphases added). "An implicit agreement to authorize class-action arbitration, however, is *not* a term that the arbitrator may infer solely from the fact of the parties' agreement to arbitrate." *Id.* at 685 (emphasis added); *see also Lamps Plus*, 139 S. Ct. at 1417–18 (alterations in original) ("[C]lass arbitration, to the extent it is manufactured by [state law] rather than consen[t], is inconsistent with the FAA." (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 348 (2011))).

"Class arbitration is not only markedly different from the 'traditional individualized arbitration' contemplated by the FAA, it also undermines the most important benefits of that familiar form of arbitration." *Lamps Plus*, 139 S. Ct. at 1415 (quoting *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1623 (2018)); *see also id.* at 1416 ("[W]ith class arbitration[,] 'the virtues Congress originally saw in arbitration, its speed and simplicity and inexpensiveness, would be shorn away and arbitration would wind up looking like the litigation it was meant to displace.'" (quoting *Epic Sys.*, 138 S. Ct. at 1623)). "In bilateral arbitration, parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes." *Stolt-Nielsen*, 559 U.S. at 685. Therefore, "courts may not infer consent to participate in class arbitration absent an affirmative 'contractual basis for concluding that the party *agreed* to do

so.'" *Lamps Plus*, 139 S. Ct. at 1416 (quoting *Stolt-Nielsen*, 559 U.S. at 684)). "Neither silence nor ambiguity provides a sufficient basis for concluding that parties to an arbitration agreement agreed to undermine the central benefits of arbitration itself." *Id.* at 1417.

Based on a plain reading of the arbitration clause contained in the purchase agreement, we find the language is silent as to class arbitration as it only states "any dispute, controversy or claim arising out of or relating to the sale of the motor vehicle or to this Purchase Order . . . shall be settled by binding arbitration administered by the [AAA] under its Commercial Arbitration Rules." Further, nothing else in the purchase agreement indicates Dealer affirmatively consented to class arbitration as required by our precedent. *See Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 565 (2013) ("Class arbitration is a matter of consent: An arbitrator may employ class procedures only if the parties have authorized them."); *Stolt-Nielsen*, 559 U.S. at 684 ("[A] party *may not be compelled* under the FAA to submit to class arbitration *unless* there is a contractual basis for concluding that the party *agreed* to do so." (first emphases added)). Thus, we find the circuit court erred in inferring Dealer's consent to class arbitration from the Dealers Act and the Supplementary Rules.[5] *See Lamps Plus*, 139 S. Ct. at 1417–18 (alterations in original) ("[C]lass arbitration, to the extent it is manufactured by [state law] rather than consen[t], is inconsistent with the FAA." (quoting *Concepcion*, 563 U.S. at 348)); *Stolt-Nielsen*, 559 U.S. at 685 ("An implicit agreement to authorize class-action arbitration . . . is *not* a term that the arbitrator may infer solely from the fact of the parties' agreement to arbitrate." (emphasis added)); *Lamps Plus*, 139 S. Ct. at 1416 ("[C]ourts may not infer consent to participate in class arbitration absent an affirmative 'contractual basis for concluding that the party *agreed* to do so.'" (quoting *Stolt-Nielsen*, 559 U.S. at 684)). Accordingly, we hold Purchaser's action is subject to bilateral arbitration, and the circuit court erred in issuing an order compelling class arbitration.[6]

---

[5] We also note the circuit court's reliance on the Supplementary Rules to infer the parties' consent to class arbitration was in error because Rule 3 of the Supplementary Rules states, "In construing the applicable arbitration clause, the arbitrator shall not consider the existence of these Supplementary Rules, or any other AAA rules, to be a factor either in favor of or against permitting the arbitration to proceed on a class basis." American Arbitration Association, *Supplementary Rules for Class Arbitrations* 4 (2011).

[6] Dealer alternatively argues the circuit court erred in issuing its order compelling class arbitration because the arbitration clause contained in the purchase agreement unambiguously selects bilateral arbitration. Because our finding above is

**CONCLUSION**

Based on the foregoing, the circuit court's order compelling class arbitration is

**REVERSED.**[7]

**KONDUROS and HILL, JJ., concur.**

---

dispositive, we need not address this argument. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

[7] We decide this case without oral argument pursuant to Rule 215, SCACR.