**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Regions Bank, an Alabama banking corporation,
Respondent,

v.

CDIC Development Company, LLC, a South Carolina
limited liability company, Appellant.

Appellate Case No. 2022-000546

———

Appeal From Aiken County
Courtney Clyburn Pope, Circuit Court Judge

———

Unpublished Opinion No. 2024-UP-153
Submitted April 1, 2024 – Filed May 1, 2024

———

**AFFIRMED**

———

Ian S. Ford and Ainsley Fisher Tillman, both of Ford
Wallace Thomson LLC, of Charleston, for Appellant.

Sarah P. Spruill and Jonathan David Klett, both of
Haynsworth Sinkler Boyd, PA, of Greenville, for
Respondent.

———

**PER CURIAM:** CDIC Development Company, LLC (CDIC) appeals a circuit court order confirming an arbitration award to Regions Bank. On appeal, CDIC

argues (1) the Federal Arbitration Act (FAA) should have governed the award confirmation in accordance with the choice of law provision within the parties' arbitration agreement, and (2) Regions Bank is barred from enforcing the arbitration award because it did not file a timely petition for confirmation of the award under the FAA. We affirm pursuant to Rule 220(b), SCACR.

1. We find the circuit court did not err in utilizing the South Carolina Uniform Arbitration Act (SCUAA) to confirm the arbitration award rather than the FAA because the confirmation of an arbitration award is a procedural matter which our supreme court has held is governed by state law. *See Henderson v. Summerville Ford-Mercury Inc.*, 405 S.C. 440, 446, 748 S.E.2d 221, 224 (2013) ("This [c]ourt may make its own ruling on a question of law without deferring to the circuit court."); *id.* at 450, 748 S.E.2d at 226-27 ("The FAA's substantive provisions apply to arbitration in federal or state courts, but a state's procedural rules apply in state court unless they conflict with or undermine the purpose of the FAA.").

2. We find Regions Bank was not barred from enforcing the arbitration award because the SCUAA does not contain a statute of limitations for confirmation of an arbitration award unless the opposing party moves to vacate, modify or correct the award. Further, CDIC did not move to vacate, modify, or correct the arbitration award within the statutory time period. *See* S.C. Code Ann. § 15-48-120 (2005) ("Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in §§ 15-48-130 and 15-48-140."); S.C. Code Ann. § 15-48-130(b) (2005) (stating an application to vacate an arbitration award must be made within ninety days of receiving a copy of the award); S.C. Code Ann. § 15-48-140(a) (2005) (explaining the court may modify or correct the arbitration award if the party moving to vacate the award has applied to do so within the ninety-day period).

**AFFIRMED.**[1]

**WILLIAMS, C.J., KONDUROS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.