Filed 7/31/25  Bates v. Sephora USA CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| SHELBY BATES,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>SEPHORA USA, INC.,<br><br>　　　Defendant and Appellant. | A171920<br><br>(San Francisco County Superior<br>　Ct. No. CPF-24-518617) |

Sephora USA, Inc. appeals from an order granting Shelby Bates's petition for arbitration.  Because the order is not appealable, we dismiss the appeal.[1]

## BACKGROUND

Sephora sells personal care and beauty products online and in its stores.  Since 2007, Sephora has offered customers the opportunity to participate in its "Beauty Insider loyalty program" (Beauty Insiders), which allows members to earn points that are redeemable for rewards like discounts

---

[1] Although a party has the right to oral argument in an appeal " '*considered on the merits* and decided by a written opinion' " (*Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 871, italics added; accord, *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1254–1255), we dismiss the appeal without reaching the merits.  Therefore, the parties' requests for oral argument are denied.

1

and product samples.  Members of Beauty Insiders can also provide information such as "Skin Type," "Skin Tone," and "Age Range" to receive personalized recommendations for care and beauty products.

In August 2012, Bates joined Sephora's Beauty Insider program by agreeing to the then-effective terms and conditions, which did not include an arbitration provision but allowed Sephora to modify the terms and conditions of the program "in its sole discretion."  As relevant here, Sephora updated the terms and conditions in September 2023 to require resolution of disputes through individual arbitration with JAMS.[2]

On March 14, 2024, Sephora again updated the program terms and conditions; this time, Sephora removed the arbitration provision that had been added in September 2023.[3]

On the morning of March 15, 2024, Sephora notified all of its Beauty Insiders of the updated terms and services via e-mail.  That afternoon, 11,210 individuals, including Bates, submitted identical arbitration demands, claiming Sephora's personalized recommendations constituted race- and age-based discrimination in violation of California's Unruh Civil Rights Act (Civ. Code, § 51, subds. (a), (b)).  The following day, March 16, thousands more individuals filed identical demands for arbitration.  All told, 13,420 Beauty

---

[2] The provision provided:  "The Federal Arbitration Act governs the interpretation and enforcement of this dispute resolution provision."  The arbitration provision also included an opt-out procedure to "decline this agreement to arbitrate."

[3] Sephora's vice president of digital production and operations declared the updated terms were "published" on Sephora's website "before 4:34 PM PST (the time zone of Sephora's headquarters)" on March 14, 2024; however, "there may be a delay of approximately four hours between publication of content . . . and when the content appears to any particular user on Sephora's website."  Further, "a technical issue" resulted in "old website content" appearing on Sephora's website on April 22, 2024, for less than an hour.

Insiders submitted arbitration demands pursuant to the September 2023 terms and conditions, and each also sought a fee waiver from JAMS. On April 16, 2024, JAMS approved the fee waivers and issued an invoice to Sephora for a non-refundable filing fee of over $26.8 million ($2,000 per claimant).

Sephora wrote a letter response the same day, asserting the March 2024 terms and conditions, which do not contain an arbitration provision, "superseded" the September 2023 terms and conditions, and "[a]s such, there is no agreement to arbitrate." Thus, Sephora argued, JAMS "is without jurisdiction to initiate arbitrations and should reject claimants' demands."

JAMS preliminarily responded on April 17, 2024, explaining the March 2024 terms and conditions "appear to have gone into effect before the Demands for Arbitration were filed," and accordingly "withdr[e]w the pending invoice dated April 16, 2024" until JAMS decided "the appropriate next steps." Bates's counsel objected to the withdrawal, but JAMS ultimately decided it was "unable to proceed with administration" of arbitration unless the parties agreed or "a court orders the parties to proceed at JAMS."

Thus, on July 8, 2024, Bates, as an individual, filed a civil petition in San Francisco Superior Court, attaching her arbitration demand and seeking an order compelling Sephora "to arbitrate the Unruh Civil Rights Act claims underlying this Petition."

On August 1, 2024, Bates filed a motion for order compelling arbitration pursuant to the September 2023 terms and conditions and further sought an order requiring Sephora to pay Bates's attorney's fees and costs from the arbitration as sanctions for failing to timely pay the JAMS invoice.

In opposition, Sephora maintained the September 2023 terms and conditions were "superseded" by the March 2024 terms and conditions, which

3

did not include an arbitration provision. Further, because JAMS withdrew the invoice and "[n]o new invoice was ever issued," Sephora asserted there was no invoice to pay. On reply, Bates noted that she had served discovery upon Sephora and requested the court to "order Sephora to produce [responses to] the discovery that Bates has sought."[4]

On October 3, 2024, the court granted Bates's "petition/motion to compel arbitration and stay."[5] The court found Sephora's "attempt to remove the arbitration forum in 2024 after [Bates's] claim accrued violate[d] the implied covenant of good faith and fair dealing." Thus, the September 2023 terms and conditions governed, and the court found Sephora "breached" those terms and ordered Sephora to pay Bates's " 'reasonable attorney's fees and costs related to the arbitration.' "

Sephora timely filed a notice of appeal.[6]

## DISCUSSION

Under California law, an order compelling arbitration is not independently appealable. (See Code Civ. Proc., § 1294; *Jenks v. DLA Piper*

---

[4] It appears that both parties propounded and responded to discovery after Bates filed the petition. On July 26, 2024, Sephora served requests for production of documents, special interrogatories, and requests for admission on Bates, and Bates provided verified responses on August 23, 2024. Likewise, Sephora provided responses to Bates's requests for production of documents, special interrogatories, and requests for admission on September 6, 2024.

[5] At the time the court issued the order and stay, Sephora had filed a September 6, 2024 notice of motion and motion for protective order and to quash deposition of Sephora's person most qualified; a hearing had been scheduled for October 17, 2024.

[6] Sephora also filed a "protective" writ petition in case we "find the trial court's order is not appealable." We deny the writ petition (A171817) by separate order filed this day.

4

*Rudnick Gray Cary US LLP* (2015) 243 Cal.App.4th 1, 7–8.) Thus, Sephora purports to appeal the order as "a final decision with respect to an arbitration" subject to the Federal Arbitration Act (FAA). (9 U.S.C. § 16(a)(3) (section 16(a)(3)).)

Initially, we question whether section 16(a)(3) confers appellate jurisdiction in California courts. Sephora contends the September 2023 terms and conditions "incorporate the FAA's procedural provisions because they provide that the FAA 'governs the interpretation and enforcement of th[e] dispute resolution provision.' " Generally, "while '[t]he FAA's substantive provisions are applicable in state as well as federal court, . . . the FAA's procedural provisions apply only to proceedings in federal court.' " (*Judge v. Nijjar Realty, Inc.* (2014) 232 Cal.App.4th 619, 630, quoting *Swissmex-Rapid S.A. de C.V. v. SP Systems, LLC* (2012) 212 Cal.App.4th 539, 544.) As a matter of contract, the parties may agree to be governed by the procedural terms of the FAA (*Victrola 89, LLC v. Jaman Properties 8 LLC* (2020) 46 Cal.App.5th 337, 345–348; *Quach v. California Commerce Club, Inc.* (2024) 16 Cal.5th 562, 576); however, they cannot create appellate jurisdiction in California through such an agreement (*Vivid Video, Inc. v. Playboy Entertainment Group, Inc.* (2007) 147 Cal.App.4th 434, 440–441 ["parties cannot create appellate jurisdiction"]; *Judge*, at p. 637 ["The parties cannot confer jurisdiction on an appellate court by consent or stipulation"]; see also *Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1367 (conc. opn. of Baxter, J.) ["parties litigating in court may not create premature appellate jurisdiction by mutual agreement"].) And section 16(a)(3) does not otherwise preempt California law in this regard. (*Muao v. Grosvenor Properties, Ltd.* (2002) 99 Cal.App.4th 1085, 1092–1093 ["We therefore conclude that section 16(a)(3) of the FAA does not allow us to now

5

review Muao's substantive challenge to the order compelling arbitration"]; see also *Cable Connection, Inc.*, at p. 1352 [citing *Muao* favorably].)

Nevertheless, assuming the FAA could create a right to immediate review by California state courts, the order Sephora appeals from is not a "final decision" within the meaning of section 16(a)(3). A final decision is one "that ' "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." ' " (*Green Tree Financial Corp.-Alabama v. Randolph* (2000) 531 U.S. 79, 86 [order compelling arbitration and dismissing claims was a final decision under section 16(a)(3)].) Thus, "it is 'well established that [section] 16(b) [of title 9 of the United States Code] bars appeals of interlocutory orders compelling arbitration *and staying judicial proceedings . . . .'* " (*Langere v. Verizon Wireless Services, LLC* (9th Cir. 2020) 983 F.3d 1115, 1118, italics added.)

However, "[w]hen the only matter before a district court is a petition to compel arbitration and the district court grants the petition, appellate jurisdiction may attach regardless of whether the district court issues a stay." (*International Alliance of Theatrical Stage Employees v. Insync Show Productions, Inc.* (9th Cir. 2015) 801 F.3d 1033, 1040.) Thus, an order is a "final decision" subject to immediate review under section 16(a)(3) where "the district court's decision ended the litigation on the merits and left 'nothing more for [it] to do but execute the judgment.' " (*Wallrich v. Samsung Electrics America, Incorporated* (7th Cir. 2024) 106 F.4th 609, 614–617 [order granting petition to compel arbitration "and staying the case pending arbitration" was immediately appealable under section 16(a)(3) because "the only relief sought in the petition was an order compelling" arbitration], quoting *Green Tree Financial Corp.-Alabama v. Randolph, supra*, 531 U.S. at p. 86.)

Here, the superior court granted the petition *and* stayed the proceedings pursuant to the California Arbitration Act, not the FAA. While a stay does not preclude the order from being a final decision under section 16(a)(3) where there are no proceedings to be stayed, here, there were discovery proceedings subject to the stay, e.g., Sephora's motion for protective order and to quash deposition notice. Thus, assuming arguendo section 16(a)(3) affords a jurisdictional basis to appeal in California court, the court's order granting Bates's petition and staying the action is not a "final decision" because there were still matters pending before the superior court.

## DISPOSITION

The appeal is dismissed. Bates may recover costs of appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

DESAUTELS, J.

We concur:

RICHMAN, ACTING P. J.

MILLER, J.

*Bates v. Sephora USA, Inc.* (A171920)